**IN THE COURT OF APPEALS OF IOWA**

No. 16-0347
Filed April 27, 2016

**IN THE INTEREST OF L.K.,**
**Minor Child,**

**A.D., Mother,**
Appellant,

**R.K., Father,**
Appellant.
_____

Appeal from the Iowa District Court for Pottawattamie County, Gary K. Anderson, District Associate Judge.

The mother and father separately appeal the termination of their parental rights to their child, L.K. **AFFIRMED ON BOTH APPEALS.**

Roberta J. Megel of the State Public Defender, Council Bluffs, for appellant mother.

Sara E. Benson of Benson Law, P.C., Council Bluffs, for appellant father.

Thomas J. Miller, Attorney General, and Janet L. Hoffman, Assistant Attorney General, for appellee State.

Phil Caniglia, Council Bluffs, for minor child.

Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**VOGEL, Judge.**

The mother and father separately appeal the termination of their parental rights to their child, L.K.  They both assert the district court improperly terminated their rights pursuant to Iowa Code section 232.116(1)(b), (e), and (f) (2015); additionally, the father claims the parent-child bond consideration found in Iowa Code section 232.116(3)(c) should preclude termination.  We conclude the court properly terminated the parents' rights under paragraph (f) and that no consideration precludes termination.  Consequently, we affirm the order of the district court.

L.K., born in March 2010, came to the attention of the Iowa Department of Human Services (DHS) due to reports of the mother's abuse of prescription drugs while caring for L.K., and the father's physical assaults against the mother.  L.K. was removed from the home on June 17, 2014, and placed in the care of her maternal grandparents, where she remained at the time of the termination hearing.  Concerns with the mother's mental health were also raised due to the mother's suicidal threats and threats of harming L.K.  As of the time of the termination hearing, it was not clear whether the mother was compliant with her medication regimen, though it was clear she did not attend substance abuse or mental health treatment on a consistent basis.

The father has a history of abusing the mother.  She reported that several incidents occurred that resulted in injuries, one of which was a broken hand for which she received medical attention.  She stated L.K. was present during the incidents of violence.  As of the date of the adjudication hearing on August 13, 2014, there was a restraining order against the father.  He was charged with

domestic abuse by strangulation for the most recent assault and was released from the residential correctional facility in April 2015.

The mother has a long history of substance abuse. As required by her probation, as well as pursuant to the request of DHS, she was to submit to drug screenings, but her attendance was inconsistent, such that she received several probation violations. On March 24, 2015, she tested positive for marijuana and was a no-show at the rest of the scheduled screenings.

Following the June 1 permanency hearing, the parents were granted an additional two months to work towards reunification. DHS informed the father he and L.K. were to have no contact with the mother without the supervision or knowledge of DHS. However, when the father obtained an apartment, he and the mother began cohabiting. Due to this probation violation, arrest warrants were issued for both parents. The father was incarcerated until shortly before the termination hearing; the mother remained at large.

The following services were offered to the parents during the pendency of these proceedings: family safety, risk, and permanency services; drug screens; substance abuse evaluations and treatment; mental health treatment and evaluations; and case management services, including help with housing and employment.

On October 15, 2015, the State filed a petition to terminate both parents' rights. A hearing was held on November 30, 2015, in which the father personally appeared and the mother appeared through her attorney. On February 9, 2016, the district court issued an order terminating both parents' rights pursuant to Iowa

4

Code section 232.116(1)(b), (e), and (f). The mother and father separately appeal.

We review termination proceedings de novo. *In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999). The grounds for termination must be proved by clear and convincing evidence. *Id.* Our primary concern is the child's best interest. *Id.* When the juvenile court terminates parental rights on more than one statutory ground, we only need to find grounds to terminate under one of the paragraphs cited by the juvenile court to affirm. *Id.*

To terminate parental rights under Iowa Code section 232.116(1)(f), the child must be four years old or older, adjudicated in need of assistance, and removed from the care of the parents for at least twelve of the last eighteen months, and there must also be clear and convincing evidence the child cannot be returned to the parents' care at the present time. Iowa Code § 232.116(1)(f)(1)–(4).

The record demonstrates the first three requirements have been met. In addition, we conclude L.K. cannot be returned to either parent's care, as required by paragraph (f)(4). As the district court noted:

> [T]he parents were given an additional two month period of time after the initial permanency hearing to demonstrate that the child could be returned to them. [The mother] has never had the ability to address her mental health needs, chemical dependency needs, and other issues. [The father] obtained suitable housing for him and the child but allowed [the mother] to move into the home. [The father] has consistently failed to comprehend the severity of [the mother's] mental health issues and her inability to parent the child. Indeed, [the father] testified at the termination of parental rights hearing that he still does not see any reason why [L.K.] could not be in the care of [the mother]. [L.K.] would be at risk of harm if returned to [the father] because it is quite apparent that [the father] would allow [the mother] back in the home and to have

unsupervised contact with [L.K.]. This Court is not convinced that [the father's] violent tendencies as demonstrated by his physical abuse of [the mother] have been cured. Both he and [the mother] demonstrated their lack of ability or desire to comply with court orders by their complete disregard for the No Contact Order between the two of them.

We agree with the court. It is clear neither the father nor the mother is able to care for L.K. The father violated the no-contact order with the mother and expressed that he sees no problem with L.K. visiting the mother or with them cohabiting. Additionally, the mother has not addressed her mental health needs or substance abuse issues, nor has she demonstrated a willingness to do so, despite being given additional time to work towards reunification. In determining the future actions of the parents, their past conduct is instructive. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). Given the parents' actions and lack of progress towards reunification, it is evident L.K. cannot be returned to their care safely within the meaning of paragraph (f).

Nonetheless, the father asserts the parent-child bond consideration, found in Iowa Code section 232.116(3)(c), precludes termination. We do not agree. Despite receiving many services, he did not progress in his ability to parent such that he could demonstrate L.K. would be safe in his care. Additionally, L.K. looks to her grandparents to have her needs met, and the record does not show L.K. shares a bond with the father such that termination would be detrimental to L.K. Moreover, "[w]e have repeatedly followed the principle that the statutory time line must be followed and children should not be forced to wait for their parent to grow up." *In re N.F.*, 579 N.W.2d 338, 341 (Iowa Ct. App. 1998). Both parents have been offered services for seventeen months but have failed to improve

such that L.K. could be returned to either parent's care. Therefore, we conclude termination is in L.K.'s best interests and no consideration precludes termination. *See* Iowa Code § 232.116(2), (3). Consequently, we affirm the order of the district court terminating the mother's and father's parental rights to their child, L.K.

**AFFIRMED ON BOTH APPEALS.**